The opinion of the court was delivered by
GibsoN, J.
No argument can be drawn, either from reason or convenience, why possession of an order by the person on whom it was drawn, should not, prima facie be evidence of his having paid it to some one; and this, whether it was payable to fearer, or only to a particular person. • The presumption that the payee would not part with his security without having received satisfaction, is a reasonable one; and although these orders are sometimes left with the persons to whom they are directed by careless persons, without payment having been made, yet that sometimes occurs with receipts whieh accompany tradesmen’s bills, and no one would pretend that a receipt attached to a bill would therefore not be competent. There is no necessity that the order should be endorsed by the payee, or that it be made payable to bearer: it is not as evidence of the transfer of the debt, but of extinguishment of it, that possession of the paper becomes material. On the ground of authority, the cases cited are inapplicable. Most of them belong to a class that relates to bills of exchange, whieh, in the ordinary course of business, necessarily go into the hands of the acceptor before they are presented for payment; and in respect to these, therefore, possession is not evidence of payment without proof that the particular bill had been in circulation after acceptance. The case of Gorgeral v. M'Carty, (2 Dall. 144,) is that of an endorser who had got possession of a bill after he had endorsed it away, and this was held to- be no evidence that he had paid the person for it, to whom he had before parted with it for a valuable consideration. This was not a case of extinguishment, but of transfer; and the decision was in effect nothing more, than that possession of the property of another is not evidence, that the party in possession has purchased and paid for it. The case of Egg v. Barnett, 3 Esp. Ca. 196, was the case of a banker’s check, which is in effect payable to bearer, the payee often being a nominal person, and consequently as the money might just as well have been received by any one else, possession of the check was held not to be evidence of payment to any one in particular. But the question before us was settled by this court in Weidner v. Schweigart, a case not yet reported.*
But it is impossible to support the rejection of O'1 Conner, the endorser of the note, who was called to prove that the defendant *44 had notice of the endorsement, before he acquired the claim on him (O’Conner) which had been-given in evidence as a set-óff. The witness was not a party to the suit, nor was he within the rule of Walton v. Shelly, because his evidence, so far from tending to prevent a recovery on the note, tended to promote it. He was not interested; for if the plaintiff had succeeded, he would have been liable to the defendant on the claim which was made the subject of set-off; and if the defendant had succeeded, he would have been liable to the plaintiff on his endorsement: so that he stood entirely indifferent between them. On this point, therefore, we think there is error.
Judgment reversed, and a venire facias de novo awarded.,

See 9 Serg. Rawle, 385.